**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| OSCAR GARNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1690 RLW |
| | ) | |
| DANIEL KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. This action was filed jointly by two prisoners, Oscar Garner and DeAngelo Williams, both of whom seek leave to proceed *in forma pauperis*. In the complaint, plaintiffs aver they bring this action pursuant to 42 U.S.C. § 1983 against Daniel Keen (Jail Administrator at St. Charles County Jail) and six John/Jane Doe corrections officials. Plaintiffs claim their constitutional rights and the constitutional rights of other inmates have been violated in various ways.

This Court does not allow prisoners to file jointly under Rule 20 of the Federal Rules of Civil Procedure. *E.g., Georgeoff v. Barnes*, No. 2:09-cv-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009). There are different reasons for this. First, prisoners are subject to the Prison Litigation Reform Act ("PLRA"), which requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). As multiple filing fees cannot be collected for one case filed by multiple plaintiffs, the requirement that a prisoner pay the full fee would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. Therefore, § 1915(b)(1)'s requirement

that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20.  *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2011).

Additionally, "impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20."  *Hagwood v. Warden*, 2009 WL 427396 *2 (D. N.J. Feb. 19, 2009).  As the *Hagwood* Court wrote:

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  [Other courts] have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration for [one court] was the possibility that coercion, subtle or not, frequently plays a role in relations between inmates.

*Id.* (quotations omitted).

Finally, permitting joinder would allow prisoners to avoid the risk of incurring strikes as defined in 28 U.S.C. § 1915(g) so long as another prisoner's claim is viable, as a strike is incurred only if the entire action is dismissed.  Prisoners may not circumvent the PLRA's penalty for filing frivolous actions by joining together in a single lawsuit.

For all of the foregoing reasons, the Court will not allow plaintiffs to proceed jointly in this action.  However, nothing in this Memorandum and Order should be construed as precluding the plaintiffs from cooperating to the extent they are able, or as preventing the future consolidation of cases involving these plaintiffs if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** plaintiff DeAngelo Williams from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant case, the Clerk shall open a new prisoner civil rights case for plaintiff DeAngelo Williams, and shall randomly assign it.

**IT IS FURTHER ORDERED** that in the new case opened for DeAngelo Williams, the Clerk shall file a copy of this Memorandum and Order, and a copy of DeAngelo Williams' application for leave to proceed *in forma pauperis* (ECF No. 4) and motions for appointment of counsel (ECF Nos. 6 and 8).

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of May, 2021.

3