UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-1690 RLW |
| DANIEL KEEN, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Oscar Garner, an inmate at St. Charles County Department of Corrections, for leave to commence this civil action without prepaying fees and cost. For the reasons explained below, plaintiff's *in forma pauperis* status will be denied pursuant to 28 U.S.C. § 1915(g), and this action will be dismissed without prejudice.[1]

**Background**

Plaintiff Oscar Garner initiated this case as a joint action on November 30, 2020, by filing a complaint with inmate DeAngelo Williams pursuant to 42 U.S.C. § 1983 against Daniel Keen (Jail Administrator at St. Charles County Jail) and six John/Jane Doe medical and corrections officials. Plaintiffs claimed that their constitutional rights, as well as the constitutional rights of other inmates, have been violated in various ways. The overall tenor of plaintiffs' complaint concerns their dissatisfaction with the way the St. Charles County Jail has quarantined prisoners

---

[1] Review of records from PACER Case Locator and the United States District Court for the Western District of Wisconsin show that plaintiff has, while incarcerated, filed more than three civil actions *in forma pauperis* that were dismissed as frivolous or malicious, or for failure to state a claim. *See Garner v. Hill*, No. 17-cv-51 (E.D. Wis. filed Jan. 13, 2017) (dismissal for failure to state a claim); *Garner v. Kirby,* No. 14-cv-54 (W.D. Wis. filed Aug. 5, 2014) (dismissal for factual frivolousness); *Garner v. Huibregtse,* No. 09-cv-301 (W.D. Wis. filed May 12, 2009) (dismissal for failure to state a claim based on res judicata); *see also Garner v. Esser*, No. 17-cv-561 (E.D. Wis. filed July 20, 2017) (discussing plaintiff's strikes). Accordingly, plaintiff is subject to the three strikes provision of 28 U.S.C. § 1915(g).

during the Covid-19 Pandemic, and their criticisms of the Jail's responses to implementation of the CDC's Covid-19 health and safety guidelines.

On May 5, 2021, the Court struck plaintiff DeAngelo Williams from this action, finding that joinder in a prisoner action was impermissible. *See* ECF No. 9. A new case was opened for plaintiff Williams using the joint complaint. *See Williams v. Keen*, No. 4:21-CV-534 SRC (E.D. Mo).

Thus, the only claims remaining in this action are those claims brought by plaintiff Oscar Garner. As stated above, his claims are against the Jail Administrator at St. Charles County Jail, as well as six John and Jane Doe medical and corrections officials at the Jail.

Here, plaintiff alleges he entered the St. Charles County Jail on October 29, 2020. He states that when he first came into the Jail, he was placed in the "quarantine unit."  He claims he was provided a mask to wear during the Covid-19 pandemic, and he was told to wear the mask when he was in the "dayroom." He alleges that prisoners in the quarantine unit were not allowed visits with friends and family, and that court proceedings and attorney meetings were done via Zoom. Plaintiff complains that inmates were told they had to stay at least six feet apart while eating, but staff members did not wear gloves or masks.[2]  Plaintiff also claims he was denied the ability to visit the law library during quarantine.

Plaintiff states that after approximately forty-five (45) days, he was moved from the "quarantine unit" at the Jail to a step-down unit, where many of the quarantine restrictions were kept in place but correctional officers were not as stringent about mask wearing in this unit and more recreation time is allowed for inmates.

---

[2]The Court accepts plaintiff's allegations as true, but notes that at one point in the complaint plaintiff states that staff does not wear gloves or masks, but at another point states that staff does wear gloves and masks.

Plaintiff complains that after a Covid-19 outbreak at the Jail at some point in the Fall of 2020, unnamed correctional officers became laxer about enforcing CDC guidelines, including proper cleaning and mask wearing at the Jail. Plaintiff believes the outbreak was caused by inmates coming into the Jail not being properly quarantined, as told to him by Nurse Jami.

Plaintiff complains that his court dates in St. Charles County Court have been postponed due to the Covid-19 pandemic even though he has "never tested positive for Covid-19." Plaintiff urges the Court to make a rule that those leaving the Jail and coming back in, as well as new inmates coming into the St. Charles County Jail, be required to test for Covid-19 upon their return to the Jail.

Plaintiff states he was told by Nurse Dawn on November 26, 2020, that there are different guidelines for those inmates in 14-day quarantine and those with confirmed exposure to Covid-19. Plaintiff states that the CDC has recommended testing all inmates in vulnerable populations, including "correctional and detention centers."

Plaintiff complains that at the end of November 2020, he did not want to put his hand through his food port door to receive his medication because he believed he could get Covid-19 that way. Plaintiff claims Jane Doe Nurse denied him his meds when he failed to put his arm through his port. Plaintiff does not name the medication or the illness he was taking the medication for.

For relief, plaintiff requests injunctive relief and compensatory and punitive damages.

### Discussion

**A. Plaintiff's Claims Are Subject to Dismissal Under 28 U.S.C. § 1915(g)**

According to the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner's ability to proceed *in forma pauperis* is limited if he has filed at least three actions that have been dismissed

3

as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

As indicated above, plaintiff has accumulated more than three strikes. Accordingly, he may not continue to proceed *in forma pauperis* in this action unless the allegations in the amended complaint show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court has reviewed the allegations contained in plaintiff's complaint and finds plaintiff has not alleged in his pleading that he was under imminent danger of serious physical injury at the time of filing his complaint. Rather, the allegations in his complaint assert that the St. Charles County Jail failed to follow what he believes to be the proper Covid-19 Pandemic guidelines. For example, plaintiff takes issue with the quarantine measures instituted at the St. Charles County Jail when an inmate first enters the Jail, such as mask wearing by inmates, keeping those inmates in a contained area, and keeping inmates six feet apart from one another when eating. Plaintiff also takes issue with the denial of outside activities and the institution of Zoom courtroom procedures, as a result of the Covid-19 Pandemic. These allegations relate to past harm.

Additionally, plaintiff's allegation that he wasn't given an unnamed medication because he refused to place his hand through the food port door to receive the medication in November of 2020 also relates to past harm. To show imminent danger, a complaint must contain "specific fact

4

allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Here, the ongoing symptoms plaintiff describes amount merely to discomfort or inconvenience, not serious physical injury. Accordingly, pursuant to 28 U.S.C. § 1915(g), he may not continue to proceed *in forma pauperis* in this action. The Court will therefore deny plaintiff's request to proceed *in forma pauperis* and dismiss this action without prejudice to the filing of a fully fee-paid complaint.

Plaintiff's allegations that a nurse told him new inmates have a different quarantine than those with confirmed Covid-19 exposure are also not enough show imminent danger. Although plaintiff believes there should be a change in Jail policy requiring that all inmates should be tested for Covid-19 prior to entering the Jail, there is nothing to show that the difference in quarantines is causing plaintiff imminent danger of serious physical injury.

"[A]n otherwise ineligible prisoner is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

### B. Plaintiff's Claims are Subject to Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Even if plaintiff were permitted to proceed *in forma pauperis*, this action would be dismissed. In the complaint, plaintiff brings this action against Daniel Keen (Jail Administrator at St. Charles County Jail) and six John/Jane Doe medical and corrections officials, in both their individual and official capacities. Plaintiff's allegations fail to state a claim against any of the named defendants.

5

### 1.  Official Capacity Claims against Defendants Are Subject to Dismissal

Plaintiff's official capacity claims against the defendants are subject to dismissal. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendants are alleged to be employed by the St. Charles County Jail. Accordingly, plaintiff's official capacity claims are actually against their employer, St. Charles County.

A local governing body such as St. Charles County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Charles County.

First, plaintiff can show that St. Charles County had an unconstitutional policy. The term "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible … for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against St. Charles County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. Plaintiff has failed to articulate any unconstitutional policy or custom allegedly implemented by defendants. He also fails to present any facts indicating that St. Charles County failed to train its employees. Instead, plaintiff's complaint focuses on the application of quarantine measures to him in St. Charles County Jail during the Fall of 2020 during the Covid-19 Pandemic. The Court, however, cannot infer the existence of an unconstitutional policy or custom from the application of quarantine measures during a pandemic, which occurred to everyone within the Jail. Additionally, plaintiff's failure to articulate exactly which policy or custom was violative of the Constitution is fatal to his claim for relief.

As such, plaintiff's official capacity claims against defendants must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

8

### 2. The Complaint Lacks Specific Allegations Against Jail Administrator Daniel Keen

The only named defendant in this action is the Jail Administrator, Daniel Keen. However, plaintiff has failed to make any specific allegations against defendant Daniel Keen. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Daniel Keen was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. See also *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Additionally, there is nothing inherently unconstitutional about being held in jail during a pandemic. Both the Fourteenth Amendment and the Eighth Amendment forbid deliberate indifference to conditions posing "an unreasonable risk of serious damage … to future health." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). To that end, measures must be taken to contain the spread of infectious diseases. *See DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990) (determining that continuing failure of prison officials to institute a system to prevent the spread of tuberculosis violated the Eighth Amendment).

Although plaintiff complains about quarantine measures in one instance and seeks harsher quarantine measures in another instance, the Court cannot say that plaintiff's descriptions of defendants' measures appear unconstitutional.

If the St. Charles County Jail is instituting quarantine measures and providing masks to the inmates, as plaintiff alleges, this is strong evidence the Jail is attempting to institute a system to prevent the spread of Covid-19. *See Cameron v. Bouchard*, 815 F. App'x 978, 986 (6th Cir. 2020) (explaining that the quarantining of "any inmate exposed to Covid-19 is strong evidence that [the defendants] are responding reasonably to the risk posed by the virus").

### 3. The Allegations Against the John/Jane Does Cannot Be Sustained

Plaintiff's complaint alleges that he is bringing claims against Jane Doe Quarantine Committee Person at the Jail, John Doe Correctional Officer on the First Shift, John Doe Supervisor of the 2nd Shift, John Doe Correctional Officer of the 2nd Shift, and Jane Doe Medical Director. However, plaintiff has failed to make any specific factual allegations against these defendants in his complaint. As noted above, liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell*, 909 F.2d at 1208; *see also Martin*, 780 at 1338; *Boyd*, 47 F.3d at 968.

Finally, plaintiff's allegations do not state a claim of constitutional dimension against the John/Jane Doe officials. Nowhere in the complaint does plaintiff allege that a John or Jane Doe, or any other prison or medical official, was aware of and deliberately disregarded a serious medical need, as required to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to proceed *in forma pauperis* [Doc. #2] is DENIED pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice to being refiled upon payment of the filing fee. *See* 28 U.S.C. § 1915(g). A separate Order of Dismissal will be entered herewith.

IT IS FURTHER ORDERED that, alternatively, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that an appeal of this action would not be taken in good faith.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2021.